## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  Caprice Sullivan | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| **v.** | ) | July Demand Requested |
| | ) | |
| Comenity Bank | ) | |
| 3100 Easton Square Place | ) | |
| Columbus, OH 43219 | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

### I.       INTRODUCTION

1.     This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act of 1991 (herein referred to as the "TCPA")

### II.       JURISDICTION AND VENUE

2.     Subject matter jurisdiction of this Court arises under 28 U.S.C. Section 1331

3.     Venue is proper in this district under 28 U.S.C. Section 1391(b) in that the Defendant transacts business in the Northern District of Illinois and the conduct complained of occurred in Northern District of Illinois.

### III.       PARTIES

4.     Plaintiff, Caprice Sullivan is a natural person residing in County of Cook and State of Illinois.

5.      Defendant, Comenity Bank is a foreign business corporation organized under the laws of the Ohio.

6.      That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equiptment" as defined by the TCPA, 47 U.S.C. Section 153(16), that originated, routed, and/or terminated telecommunications.

7.      That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. Section 153(39).

8.      That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegendly owed to another.

9.      That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. Section 153(28).

10.     That Defendant, at all times relevant herein, engaged in "telecommunications" as that term is defined by the TCPA, 47 U.S.C. Section 153(50).

11.     That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. Section 153(59), that existed as instrumentalities of interstate and intrastate commerce.

12.     That Defendant, at all times relevant herein, used, controlled and/or operated "automatic telephone dialining systems" as defined by the TCPA, 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

13.     The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual and apparent authority.

14.     All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.


IV.    FACTUAL ALLEGATIONS

15.     Plaintiff Caprice Sullivan, incurred a debt with Defendant.

16.     On Friday, January 27, 2017, with her Mother present, Plaintiff and her Bankruptcy Attorney told Defendant on the telephone that they were "revoking" Defendant's permission to contact Plaintiff; this was made crystal clear.

17.     After this lawful revocation, Defendant has called Plaintiff approximately forty (40) times to her cellular phone.

18.     For all of the calls mentioned in paragraph 17 of this Complaint, clear revocation had already been made by Plaintiff and received by Defendant.

19.     All of the above-mentioned telephone calls were made using an automatic dialing machine wherein Defendant left artificial and/or prerecorded voiced messages.

20.     That Defendant continued to call Plaintiff on her cellular telephone despite the revocation of her prior express consent to do so.

21.     As a result of foregoing, Plaintiff became nervous, upset, and suffered from emotional distress.

22.     Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

23.     The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C. Section 227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C. 227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver messages without having consent to make such calls and leave such messages.

24.     The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently

coercing Plaintiffs to pay the alleged debtor and to harass him.

25. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R. Section 64.1200(f)(2).

27. As a causally-direct and legally proximate result of the above violations of the TCPA, THE Defendnant at all times material and relavent hereto, as described in this complaint, casued the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiffs, and abused Plaintiffs, and disturbed her peace and tranquility at home and elsewhere.

28. As a causally-direct and legally proximate result of the above violations of the TCPA, THE Defendnant at all times material and relavent hereto, as described in this complaint, caused the Plaintiffs to sustain damages and experience severe emotional distress.

29. As a causally-direct and legally proximate result of the above violations of the TCPA, THE Defendnant at all times material and relavent hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

30. Plaintiff received multiple calls from Defendant using an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($1500) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C. Section 227(d)(3)(B).

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and

against Defendant for:

      (1) Acutal damages;

      (2) Statutory damages pursuant to 47 U.S.C. Section

         227(b)(3).

      (3) Treble damages pursunt to 47 U.S.C. Section227(d)(3);

      (4) For such other and further relief as my be just and

         proper.

February 2, 2017

                          Respectfully submitted,


                    /s/ John Carlin
                    John P. Carlin #6277222
                    Suburban Legal Group, PC
                    1305 Remington Rd., Ste. C
                    Schaumburg, IL 60173
                    jcarlin@suburbanlegalgroup.com
                    Attorney for Plaintiff